1  CHRISTOPHER HAYDN-MYER LAW OFFICES
   CHRISTOPHER HAYDN-MYER, CA. BAR # 176333
2  1478 Stone Point Drive, Suite 400
   Roseville, California 95661
3  Telephone: (916) 622-1704
   Facsimile:  (916) 760-2767
4  Email: chrishaydn@sbcglobal.net

5  Attorney for Defendant
   ERIK SOLISFOX

6

7            IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10 UNITED STATES OF AMERICA,          )
                                      )   Cr. No. S-11-262-04 WBS
11            Plaintiff,              )
                                      )   STIPULATION AND [PROPOSED]
12       v.                           )   ORDER CONTINUING STATUS
                                      )   CONFERENCE; FINDING OF
13                                    )   EXCLUDABLE TIME
                                      )
14 ERIK SOLISFOX,                     )   Date:   October 29, 2012
                                      )   Time:   9:30 a.m.
15            Defendant.              )   Judge:  Hon. William B. Shubb
   _____)

16

17

18                         **STIPULATION**

19      Plaintiff, United States of America, through Assistant U.S. Attorney Jason Hitt and defendant

20 Erik Solisfox, through counsel Christopher Haydn-Myer, hereby stipulate and agree as follows:

21      1.  A status conference is currently set for October 29, 2012 at 9:30 a.m.

22      2.  By this stipulation, the above-named defendants now move to continue the status

23 conference to January 7, 2013 at 9:30 a.m., and to exclude time between October 29, 2012 and

24 January 7, 2013 under Local Code T4.  Plaintiff does not oppose this request.

25      3.  The basis upon which the parties agree to this proposed continuance of the status

26 conference is as follows:

27      a.      The government has produced discovery which to date includes 689 pages containing

28              investigative materials.  Additionally, the government and counsel have been in

negotiations to resolve the case, and the additional time is necessary for plaintiff and defendant to reach a resolution to the case.

b. Counsel for defendant believes that failure to grant the above-requested continuance would deny his client the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c. Plaintiff does not object to the continuance.

d. Based on the above-stated findings, the ends of justice served by continuing the status conference as requested outweigh the best interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e. For the purpose of computing time under the Speedy Trial Act, 16 U.S.C. § 3161, et seq., within which trial must commence, the time period from October 29, 2012 to January 7, 2013, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(a), B (iv) [Local Code T4] because it results from a continuance by the Court at the defendants request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

5. Finally, Christopher Haydn-Myer has been authorized by counsel to sign this stipulation on their behalf.

**IT IS SO STIPULATED.**

DATED: October 25, 2012          BENJAMIN B. WAGNER
                                 United States Attorney

                                  /s/ Jason Hitt
                                 JASON HITT
                                 Assistant United States Attorney
                                 Attorney for Plaintiff United States

///
///

DATED: October 25, 2012          HAYDN-MYER LAW CORPORATION

/s/ Christopher Haydn-Myer
CHRISTOPHER HAYDN-MYER
Attorney for Defendant Erik Solisfox

**ORDER**

     Quite frankly, the court fails to understand why the failure to grant the above-requested continuance would deny defendant the reasonable time necessary for effective preparation by his attorney, or why the ends of justice served by continuing the status conference as requested outweigh the best interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act, as stipulated above by the parties.  If it is the fact that the government has produced discovery which to date includes 689 pages containing investigative materials, the court does not understand why none of the other defendants' attorneys, who presumably have received the same discovery, need the additional time to prepare. Nonetheless, out of concern for creating reversible error if the court does not approve the stipulation, the court hereby APPROVES the above stipulation and it is SO ORDERED this 25th day of October, 2012.

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE